FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF FRANCE S.A., SKF GMBH, SKF INDUSTRIE, S.P.A., SKF (U.K.) LTD., SKF SVERIGE, AB, FAG KUGELFISCHER GEORG SCHAFER KGAA, FAG CUSCINETTI S.P.A, FAG (UK) LTD., BARDEN CORP. (UK) LTD., FAG BEARINGS CORP., BARDEN CORP., BARDEN PRECISION BEARINGS CORP., RHP BEARINGS, RHP BEARINGS INC., PEER BEARING CO., KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., NSK LTD., NSK CORP., SNR ROULEMENTS, NTN BEARING CORP. OF AMERICA, AMERICAN NTN BEARING MANUFACTURING CORP., NTN CORP., AND NTN KUGELLAGERFABRIK (DEUTSCHLAND) GMBH, DEFENDANT-INTERVENORS

Consolidated Court No. 92–06–00422

(Dated May 15, 1996)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V* and *Larry Hampel)* for plaintiff, Federal-Mogul Corporation.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, Wesley K. Caine* and *Robert A. Weaver)* for plaintiff-intervenor The Torrington Company.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis,* Assistant Director, *Marc E. Montalbine);* of counsel: *Stephen J. Claeys, Craig R. Giesze, Dean A. Pinkert, Thomas H. Fine, Alicia Greenidge, David J. Ross* and *Mark A. Barnett,* Attorney-Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon (Herbert C. Shelley, Alice A. Kipel, Juliana M. Cofrancesco* and *Thomas J. Trendl)* for defendant-intervenors SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Limited and SKF Sverige, AB.

*Grunfeld, Desiderio, Lebowitz & Silverman (Max F. Schutzman, Andrew B. Schroth, David L. Simon* and *Matthew L. Pascocello)* for defendant-intervenors FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Limited, Barden Corporation (UK) Limited, FAG Bearings Corporation, The Barden Corporation and Barden Precision Bearings Corporation.

*Covington & Burling (Harvey M. Applebaum, David R. Grace* and *Thomas A. Robertson)* for defendant-intervenors RHP Bearings and RHP Bearings Inc.

*Venable, Baetjer, Howard & Civiletti (John M. Gurley* and *Lindsay B. Meyer)* for defendant-intervenor Peer Bearing Company.

*Powell, Goldstein, Frazer & Murphy (Peter O. Suchman, Neil R. Ellis, T. George Davis, Niall P. Meagher* and *Susan M. Mathews)* for defendant-intervenors Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.

*Lipstein, Jaffe & Lawson (Robert A. Lipstein, Matthew P. Jaffe* and *Grace W. Lawson)* for defendant-intervenors NSK Ltd. and NSK Corporation.

*Grunfeld, Desiderio, Lebowitz & Silverman (Bruce M. Mitchell, David L. Simon, Philip S. Gallas, Jeffrey S. Grimson, Andrew B. Schroth* and *Matthew L. Pascocello)* for defendant-intervenor SNR Roulements.

*Barnes, Richardson & Colburn (Robert E. Burke, Donald J. Unger, Kazumune V. Kano* and *Diane A. MacDonald)* for defendant-intervenors NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation, NTN Corporation and NTN Kugellagerfabrik (Deutschland) GmbH.

## OPINION

TSOUCALAS, *Judge:* The Department of Commerce, International Trade Administration ("Commerce"), has submitted final results entitled *Final Results of Redetermination Pursuant to Court Remand, Federal-Mogul Corporation and The Torrington Company v. United States, Slip Op. 95–181 (November 14, 1995), Slip Op. 95–184 (November 20, 1995), Slip Op. 95–186 (November 20, 1995) ("Remand Results").* These Remand Results concern *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al.; Final Results of Antidumping Duty Administrative Reviews ("Final Results"),* 57 Fed. Reg. 28,360 (1992), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, Thailand, and the United Kingdom; Amendment to Final Results of Antidumping Duty Administrative Reviews,* 57 Fed. Reg. 32,969, (1992); *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Sweden, and the United Kingdom; Amendment to Final Results of Antidumping Duty Administrative Reviews,* 57 Fed. Reg. 59,080 (1992).

## BACKGROUND

The Court previously determined that Commerce incorrectly adjusted United States price ("USP") for value added tax ("VAT") in the

markets of production, and directed Commerce to apply the VAT rates in the markets of production to USP calculated at the same point in the stream of commerce as where the foreign VAT rates are applied for home market sales and to add the resulting tax amounts to USP. *See, e.g., Federal-Mogul Corp. v. United States,* 17 CIT 1093, 834 F. Supp. 1391 (1993), *rev'd,* 63 F.3d 1572 (Fed. Cir. 1995).[1]

On August 28, 1995, in *Federal-Mogul Corp. v. United States,* 63 F.3d 1572 (Fed. Cir. 1995), the CAFC confirmed, as indicated in the now well-known "footnote 4" contained in *Zenith,* 900 F.2d at 1582, that a tax-neutral method of adjusting USP by using the *amount,* instead of the *rate,* of an *ad valorem* tax is permissible under section 772 of the Tariff Act of 1930. The CAFC's decision afforded Commerce the opportunity to inform the Court whether it wishes to continue utilizing the tax-neutral methodology employed in the determination that was reviewed by the appellate court. *Federal-Mogul,* 63 F.3d at 1582.

In *Federal-Mogul Corp. v. United States,* 19 CIT 1340, Slip Op. 95–181 (Nov. 14, 1995), *Federal-Mogul Corp. v. United States,* 19 CIT 1348, Slip Op. 95–184 (Nov. 20, 1995), and *Federal-Mogul Corp. v. United States,* 19 CIT 1361, Slip Op. 95–186 (Nov. 20, 1995), respectively, the Court remanded this case to allow Commerce to consider whether it will calculate dumping margins using the tax neutral adjustment methodology approved by the CAFC in *Federal-Mogul,* 63 F.3d at 1572, for SNR Roulements ("SNR"), SKF USA Inc., SKF GmbH, SKF France, S.A., SKF Industrie S.p.A., SKF Sverige AB and SKF (U.K.) Limited (collectively "SKF"), Koyo Seiko Co., Ltd. ("Koyo Seiko") and Koyo Corporation of U.S.A. (collectively "Koyo").

Commerce issued draft results to counsel for interested parties for comment. "There were clerical errors in the initial draft program that [Commerce] released for Koyo Seiko. [Commerce] corrected these errors and reissued corrected Koyo Seiko draft results." *Remand Results* at 2. No comments were received from Koyo or any other party. *Id.* Commerce filed the final Remand Results with the Court on March 1, 1996. The results were limited to only those respondents which had filed motions with the Court requesting a remand.

---

[1] In the Final Results, Commerce sought tax neutral dumping margins and added to USP an amount for foreign taxes that would have been collected had the export sale been taxed at the home market rate. Commerce added the same tax amount to FMV as that calculated for USP. This was equivalent to calculating the actual home market tax, adding that amount to FMV, and then performing a circumstance-of-sale ("COS") adjustment to FMV to eliminate the absolute difference between the amount of tax in each market. *Final Results,* 57 Fed. Reg. at 28,360. Subsequently, the United States Court of Appeals for the Federal Circuit ("CAFC") held that Commerce is not authorized to make a COS adjustment to equalize the VAT amounts in each market. *Zenith Elecs. Corp. v. United States,* 988 F.2d 1573, 1581–82 (Fed. Cir. 1993) *("Zenith").* In footnote 4 of *Zenith,* the appellate court also stated that Commerce could eliminate increases in the margin that are inherent in the manner in which the VAT adjustment is calculated by adjusting USP by the *amount,* rather than the *rate,* of the *ad valorem* tax charged in the home market. *Zenith,* 988 F.2d at 1582 n.4. Following the *Zenith* decision, Commerce sought to adjust USP by the amount rather than the rate of the home market tax. The Court disagreed with Commerce's methodology. Finding that footnote 4 is at odds with the body of *Zenith* and 19 U.S.C. § 1677a(d)(1)(C) (1988), the Court rejected Commerce's use of a tax-neutral VAT adjustment methodology. *Federal-Mogul Corp.,* 17 CIT at 1098–99, 834 F. Supp. at 1396–97. Consequently, Commerce devised a new methodology for calculating the adjustment to USP. Under the new methodology, Commerce first added to USP the result of multiplying the foreign market tax rate by the price of the United States merchandise at the same point in the chain of commerce as where the foreign market tax was applied to foreign market sales. Commerce than adjusted the tax in each market to eliminate the tax attributable to expenses that were deducted from either price in determining FMV and USP. *See, e.g., Federal-Mogul Corp. v. United States,* 20 CIT 520, 523, Slip Op. 96–68 at 8 (Apr. 19, 1996).

DISCUSSION

Commerce's final results filed pursuant to a remand will be sustained unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938); *Alhambra Foundry Co. v. United States,* 12 CIT 343, 345, 685 F. Supp. 1252, 1255 (1988).

*Treatment of Value Added Tax:*

In light of *Federal-Mogul,* 63 F.3d at 1572, Commerce has elected to return to the tax-neutral adjustment methodology approved by the Federal Circuit. Therefore, when merchandise exported to the United States is exempt from VAT, the final Remand Results add the absolute amount of the consumption taxes on home market sales to the U.S. price rather than applying the tax rates. *Remand Results* at 5–6. Employing the tax-neutral methodology, Commerce has now recalculated weighted-average dumping margins for the period May 1, 1990 through April 30, 1991 for ball bearings, cylindrical roller bearings and spherical plain bearings for SNR, SKF and Koyo based on the tax-neutral adjustment methodology. *Remand Results* at 6.

NSK Ltd. and NSK Corporation ("NSK") interpose a motion for further remand concerning the VAT methodology applied in this review. According to NSK, Commerce should have extended the Remand Results to NSK and other respondents not filing motions in the underlying action on this issue. NSK requests an order from the Court directing Commerce to recalculate NSK's antidumping duty margins using a tax-neutral adjustment methodology. NSK's Comments on Remand Results and Mem. in Supp. of Mot. for Order of Remand. Commerce opposes NSK's motion. Commerce's Opp'n to Mot. of NSK for Order of Remand.

In the Court's Slip Opinions 95–181, 95–184 and 95–186, to which the Remand Results respond, the Court only ordered Commerce to recalculate tax-neutral dumping margins for those particular parties to this litigation filing motions requesting such recalculation. NSK was responsible for protecting its own rights in this litigation. It failed to do so. In the absence of affirmative action by NSK, it may reasonably expect that its dumping margins will not change.

The VAT issue is disposed of by *Federal-Mogul Corp. v. United States,* 20 CIT 520, Slip Op. 96–68 (Apr. 19, 1996). Accordingly, the Court sustains Commerce's final Remand Results which recalculate the final dumping margins for SNR, SKF and Koyo by implementing a tax-neutral adjustment methodology based on the amount of the value added tax in the markets of production, rather than the tax rates consistent with judicial precedent. In addition, NSK failed to timely act to protect its interest. Therefore, the Court denies NSK's belated motion for an

order instructing Commerce to recalculate NSK's dumping margins based on a tax-neutral adjustment methodology.

CONCLUSION

Defendant-intervenor NSK's motion for a further remand is denied. In accordance with the foregoing opinion, the Remand Results pertaining to SNR, SKF and Koyo which employ a tax-neutral adjustment methodology are sustained in their entirety.